IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-31337
Summary Calendar
_____

PHILLIP WIMBISH,

Petitioner-Appellant,

versus

BURL CAIN, Warden,
Louisiana State Penitentiary,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 97-CV-238
- - - - - - - - - -

April 30, 1999

Before SMITH, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

Phillip Wimbish, Louisiana prisoner # 113092, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 application without prejudice for failure to exhaust state remedies as to all of his federal habeas claims. As a pro se litigant, Wimbish's pleadings are entitled to more liberal construction than are pleadings drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972). Wimbish noted in his Fed R. Civ. P. 59 motion that he had

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

exhausted his state remedies with respect to his sufficiency of the evidence claim.  Wimbish contends on appeal that the court should at least consider the merits of this admittedly exhausted claim.

If this court were to affirm the district court's dismissal of Wimbish's mixed petition now, it would effectively be with prejudice to refiling under the AEDPA's statute of limitations. Accordingly, the district court abused its discretion in dismissing Wimbish's § 2254 application without allowing to him proceed on his exhausted claims in light of the statute of limitations.  Brewer v. Johnson, 139 F.3d 491, 492-93 (5th Cir. 1998).

We also note that neither the magistrate judge nor the district court considered whether the unexhausted claims were "technically" exhausted.  There is no substantial difference between nonexhaustion and procedural default "when federal habeas claims are technically exhausted because, and only because, petitioner allowed his state law remedies to lapse without presenting his claims to the state courts."  Jones v. Jones, 163 F.3d 285, 296 (5th Cir. 1998) (internal citation and quotation omitted).  When the magistrate judge issued its report and recommendation, it had been more than three years since Wimbish's judgment of conviction became final.  See La. Code Crim. P. art. 930.8(A) (state prisoner has three years to file state habeas relief).  If the court to which the petitioner would apply after a dismissal for nonexhaustion would find the claims procedurally barred under state law, "there is a procedural default for

purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims." <u>Coleman v. Thompson</u>, 501 U.S. 722, 735 n.1 (1991). Accordingly, on remand, the court should consider whether Wimbish's unexhausted claims are technically exhausted and if so whether his procedural default should be excused.

A COA is hereby GRANTED, the judgment is VACATED, and the case is REMANDED to the district court for further proceedings consistent with this opinion.